IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 4:17-MJ- 320 |
| JORDAN LEE BELL | |

## CRIMINAL COMPLAINT

I, the undersigned Complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

On or about February 14, 2017, **Jordan Lee Bell,** the defendant, knowingly possessed matter that contains any visual depiction that had been shipped and transported using any means and facility of interstate or foreign commerce and which was produced using materials which had been mailed and shipped and transported using any means and facility of interstate or foreign commerce, including by computer, the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct, and such visual depiction was of such conduct.

Specifically, **Bell** possessed one Kingwin desktop computer, bearing serial number 006216209707, containing the following described files visually depicting a prepubescent minor engaged in sexually explicit conduct and the lascivious exhibition of the genitals and pubic area of said minor, as defined in 18 U.S.C. § 2256:

| File Name | File Description |
|---|---|
| 557489.mp4 | A video of a nude female toddler and a nude adult couple. During the video, the adult male attempts to engage in anal intercourse with the toddler. |

| 0525.mp4 | A video of a prepubescent male child who is approximately 5 to 7 years old. During the video, the child performs oral sex on an adult male. |

In violation of 18 U.S.C. § 2252(a)(4)(B).

I further state that I am a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations (HSI), and that this complaint is based on the following facts gathered through my investigation, and through information provided to me by other law enforcement officers.

## INTRODUCTION

1. I have been employed as a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations (HSI), since December 2008. I am a graduate of the Criminal Investigator Training Program and the U.S. Immigration and Customs Enforcement Special Agent Training Academy. As a result of my employment with HSI, I am authorized to investigate violations of federal law, including the production, distribution, receipt and possession of child pornography, in violation of 18 U.S.C. §§ 2251, 2252 and 2252A. I have received training in the areas of child pornography and child exploitation, and have observed various examples of child pornography, as defined in 18 U.S.C. § 2256, in all forms of media. I have been involved in several child pornography investigations, and am familiar with the tactics used by individuals who collect and distribute child pornographic material.

## FACTS IN SUPPORT OF PROBABLE CAUSE

2. In November 2016, the HSI Dallas Child Exploitation Group received information from the HSI Cyber Crimes Center (C3) regarding a Mega Limited[1] (hereinafter, "Mega") account that contained over 100 files of child exploitative material. Mega records obtained through an investigation conducted by the New Zealand Department of Internal Affairs (NZDIA) indicated the user of this account was located in the Arlington, Texas area. These records also indicated the subject account was associated with email address fakespamemail908@gmail.com. Subscriber records for this account included a recovery email address of gemini908@gmail.com.

3. The search of fakespamemail908@gmail.com revealed the account contained several email communications regarding the distribution and receipt of child pornography. There were multiple messages in which the user of this account distributed the Uniform Resource Locator (URL) of the Mega cloud storage account containing child pornography that prompted this investigation. The search of the gemini908@gmail.com account revealed several personal email messages to and from **Jordan Lee Bell**. The account also contained several video files depicting child pornography, including videos of prepubescent children.

4. The Google records also included log-in session data, which indicated the gemini908@gmail.com account was accessed on December 24, 2016, using Internet Protocol (IP) address 2605:6000:151e:c002:489c:cb10:515a:835b, and on December 26,

---

[1] Mega is a cloud storage, file-hosting service headquartered in New Zealand.

2016, using IP address 2605:6000:151e:c002:a57c:f7c3:3a9f:a65f. HSI obtained subscriber records from Time Warner Cable that indicated both of these IP addresses were assigned to the Internet services at **Bell's** residence in Arlington, Texas, at the times they were used to access the gemini908@gmail.com account.

5. On February 14, 2017, HSI executed a federal search warrant at **Bell's** residence in Arlington. While other agents searched the residence, I conducted a post-*Miranda* interview with **Bell** regarding the investigation. During this interview, **Bell** claimed ownership of the Mega and Google accounts found to contain child pornography, and stated that he was in possession of several videos depicting child pornography on a SanDisk flash drive in his bedroom. **Bell** stated that approximately one year prior to this date, he began trading child pornography with individuals he met on a particular website, which is known to law enforcement to be a meeting place for individuals interested in the sexual exploitation of children.

6. Pursuant to the search warrant, HSI seized various electronic devices belonging to **Bell**, including a Kingwin desktop computer that was on a desk in **Bell's** bedroom. The subsequent analysis of these devices revealed **Bell** was in possession of over 130 files depicting child pornography on a cellular phone, a desktop computer, an Apple iPad, and a SanDisk Ultra Flair 64GB flash drive.

7. I have reviewed the child pornography possessed by **Bell**, including the specific video files disclosed on page 1 of this complaint. Based on my training and experience in child pornography investigations, these videos appear to depict real

prepubescent minors who had not yet attained 12 years of age, engaged in sexually explicit conduct.

8. Based on my training and experience, I am aware that Kingwin computer towers are manufactured and assembled outside of the State of Texas. Furthermore, the Kingwin computer used by **Bell** to possess child pornography bears a label that reads "Made in China." Therefore, for the device to be present in Arlington, Texas, there is probable cause to believe that it had to travel in and affect interstate and/or foreign commerce.

## CONCLUSION

9. Based on the facts set forth in this affidavit, I respectfully submit there is probable cause to believe that **Jordan Lee Bell** has knowingly committed a violation of 18 U.S.C. § 2252(a)(4)(B), that is, possession of child pornography.

LeAndrew J. Mitchell, Special Agent
Homeland Security Investigations

Sworn to before me and subscribed in my presence this 6th day of April 2017, at 1:35 a.m./p.m. in Fort Worth, Texas.

JEFFREY L. CURETON
United States Magistrate Judge

Complaint – Page 5 of 5