UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**O R I G I N A L**

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| VS | |
| JORDAN LEE BELL | 4:17-CR-058-Y (1) |

**ORDER SETTING ADDITIONAL TERMS OF SUPERVISED RELEASE**

It is hereby ORDERED that the above-named defendant, while on supervised release, comply with the standard conditions recommended by the U.S. Sentencing Commission and comply with the following additional conditions:

1.  The defendant shall not commit another federal, state, or local crime.

2.  The defendant shall not possess illegal controlled substances.

3.  The defendant shall not possess a firearm, destructive device, or other dangerous weapons.

4.  The defendant shall cooperate in the collection of DNA as directed by the probation officer.

5.  The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Federal Bureau of Prisons.

6.  The defendant shall have no contact with minors under the age of 18, including by correspondence, telephone, internet, electronic communication, or communication through third parties. The defendant shall not have access to or loiter near school grounds, parks, arcades, playgrounds, amusement parks or other places where children may frequently congregate, except as may be allowed upon advance approval by the probation officer.

7.  The defendant shall participate and comply with the requirements of the Computer and Internet Monitoring Program, contributing to the cost of the monitoring in an amount not to exceed $40 per month. The defendant shall consent to the probation officer's conducting ongoing monitoring of his computer/computers. The monitoring may include the installation of hardware and/or software systems that allow evaluation of computer use. The defendant shall not remove, tamper with, reverse engineer, or circumvent the software in any way. The defendant shall only use authorized computer systems that are compatible with the software and/or hardware used by the Computer and Internet Monitoring Program. The defendant shall permit the probation officer to conduct a preliminary computer search prior to the installation of software. At the discretion of the probation officer, the monitoring software may be disabled or removed at any time during the term of supervision.

8.  Without prior approval of the probation officer, the defendant shall not maintain or create a user account on any social networking site (i.e., MySpace.com, Facebook.com, Adultfriendfinder.com, etc.) that allows access to persons under the age of 18, or allows for the exchange of sexually-explicit material, chat conversations, or instant messaging. The defendant shall neither view nor access any web profile of users under the age of 18.

9.  The defendant shall not use or possess any gaming consoles (including, but not limited to, Xbox, PlayStation, Nintendo), or devices without prior permission from the probation officer.

10.   The defendant shall register as a sex offender with state and local law enforcement as directed by the probation officer in each jurisdiction where the defendant resides, is employed, and is a student, providing all information required in accordance with state registration guidelines, with initial registration being completed within three business days after release from confinement. The defendant shall provide written verification of registration to the probation officer within three business days following registration and renew registration as required by his probation officer. The defendant shall, no later than three business days after each change of name, residence, employment, or student status, appear in person in at least one jurisdiction and inform that jurisdiction of all changes in the information required in the sex-offender registry.

11.   The defendant shall neither possess nor have under his control any pornographic matter or any matter that sexually depicts minors under the age of 18 including, but not limited to, matter obtained through access to any computer and any matter linked to computer access or use.

12.   The defendant shall participate in sex-offender treatment services as directed by the probation officer until successfully discharged, which services may include psycho-physiological testing to monitor the defendant's compliance, treatment progress, and risk to the community, contributing to the costs of services rendered (copayment) at the rate of at least $15 per month.

13.   The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

14.   The defendant shall pay any remaining balance of the Justice for Victims Trafficking Act assessment in the amount of $5,000, as set out in this judgment.

   I acknowledge receipt of the foregoing terms of supervised release. I understand them and I waive the reading of them in open court. I agree to be bound by them and subject to revocation for violation of any of them.

_____
Jordan Lee Bell, Defendant

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

Signed November 14, 2017.