**UNITED STATES DISTRICT COURT**
for
NORTHERN DISTRICT OF TEXAS

# Petition for Offender Under Supervision

| | |
|---|---|
| Name of Offender: | Jordan Lee Bell |
| Case No.: | 4:17-CR-00058-Y(1) |
| Name of Sentencing Judge: | Senior U.S. District Judge Terry R. Means |
| Date of Original Sentence: | November 14, 2017 |
| Original Offense: | Possession of a Visual Depiction of a Minor Engaged in Sexually Explicit Conduct, 18 U.S.C. § 2252(a)(4)(B) |
| Original Sentence: | Time Served, Life term of supervised release |
| Revocations: | None |
| Detainers: | None |
| U.S. Marshals No.: | 55612-177 |
| Type of Supervision: | Supervised Release |
| Date Supervision Commenced: | November 14, 2017 |
| Assistant U.S. Attorney: | Levi Thomas |
| Defense Attorney: | Michael C. Lowe (Retained) |

## Petitioning the Court for Action for Cause as Follows:

To issue a violator's summons.

The probation officer believes that the offender violated the following conditions:

**Previous Court Notifications**

On August 20, 2019, Senior U.S. Probation Officer Sara Johnson (Sr. USPO Johnson) notified the Court of Mr. Bell's viewing of sexually explicit material via a smart television in his bedroom and an unauthorized smart phone at his place of employment. It was recommended no Court action be taken to allowed Mr. Bell's violations and high-risk behaviors to be addressed in treatment. The Court agreed with the recommendation.

### I.

**Violation of Standard Condition No. 3**

The defendant shall answer truthfully all inquires by the probation officer and follow the instructions of the probation officer.

**Violation of Additional Condition**

The defendant shall neither possess nor have under his control any pornographic matter or any matter that sexually depicts minors under the age of 18, including, but not limited to, matter obtained through access to any computer and any matter linked to computer access or use.

## Nature of Noncompliance

Mr. Bell violated these conditions of supervised release when he viewed sexually explicit material. On June 25, 2019, Mr. Bell verbally admitted to Sr. USPO Johnson to viewing sexually explicit material via a smart television in his bedroom by searching YouTube and Netflix for movies containing nudity, specifically videos of children between the ages of 5 or 6 to 17, receiving massages, as well as individuals stripping and dancing. Mr. Bell admitted to viewing such videos from December 2017 until approximately November 2018. Mr. Bell further admitted to violating these conditions of supervised release by viewing sexually explicit material via an unauthorized smart phone at work, in or about the months of July 2018 until December 2018. He reported watching adult videos through the website 'Pornhub' approximately 3 or 4 times while employed at U-Haul.

Mr. Bell further violated these conditions of supervised release when he viewed sexually explicit material on his personal computer. On January 10, 2020, Mr. Bell admitted, verbally and in writing, to Sr. USPO Johnson to viewing sexually explicit material on his computer via the internet from approximately October through December 2019.

Mr. Bell violated these conditions of supervised release when he submitted sex offender supplemental report forms for the months of December 2017 through May 2019 and October 2019 through December 2019, and was untruthful when answering the question, "Have you viewed any pornography?"

## II.

## Violation of Additional Condition

Without prior approval of the probation officer, the defendant shall not maintain or create a user account on any social networking site (i.e., MySpace.com, Facebook.com, Adultfriendfinder.com, etc.) that allos access to persons under the age of 18, or allows for the exchange of sexually-explicit material, chat conversations, or instant messaging. The defendant shall neither view nor access any web profile of users under the age of 18.

## Nature of Noncompliance

Mr. Bell violated this condition of supervised release when he accessed and created user accounts on Tumblr, YouTube, GroupMe, and LinkedIn, social networking websites, without permission. On January 10, 2020, Mr. Bell admitted to Sr. USPO Johnson to accessing Tumblr and YouTube to view sexually explicit material, and to accessing GroupMe and LinkedIn for school purposes from October 2019 through December 2019.

## Personal History

Mr. Bell's term of supervised release commenced on November 14, 2017, in the Northern District of Texas, Fort Worth Division. Since his release, he has resided with his parents in Arlington, Texas. Mr. Bell was unemployed until July 6, 2018, when he gained employment with U-Haul, in Fort Worth, Texas, and was employed until December 14, 2018, when he reported being laid off. He remained unemployed until November 2019, when he gained employment with Bargain Storage, in Fort Worth, Texas, where he remains. Mr. Bell is also a student at the University of Texas, Arlington, Texas.

On November 17, 2017, Mr. Bell was referred to Psychotherapy Services & Yokefellows (PSY), Fort Worth, Texas, for the purpose of enrolling in and participating in sex offender treatment.

On June 24, 2019, Sr. USPO Johnson attended a treatment staffing at PSY for purposes of discussing Mr. Bell's progress in treatment. Sr. USPO Johnson inquired about Mr. Bell's polygraphs and noted none had been received since he began treatment in January 2018. Sr. USPO Johnson was informed this would be looked in to. Due to this discovery, Sr. USPO Johnson contacted Mr. Bell and instructed him to report to the U.S. Probation Office, Arlington, Texas, to discuss the matter.

The following day, Mr. Bell, along with his father, Steven Bell, met with Sr. USPO Johnson. During the meeting, Mr. Bell admitted he had not submitted to polygraph testing since beginning treatment. He further admitted to the above-mentioned violations. Mr. Bell's father reported removing the smart television from Mr. Bell's room and stated he no longer had access to it or any other unmonitored electronic device. Mr. Bell does have a computer that is monitored through RemoteCom; however, he was instructed by Sr. USPO Johnson, and he and his father agreed, that he is only allowed to have access to the computer in the living room of his residence and while his parents are present.

On July 2, 2019, Sr. USPO Johnson met with Mr. Bell and his counselor at PSY to discuss the violations. Mr. Bell admitted to the violation behavior and was scheduled to take a polygraph on July 3, 2019, at Wood & Associates. He was also instructed to begin submitting weekly impulse reports to his counselor. Mr. Bell committed to taking sex offender group and homework seriously and attending all scheduled group and individual sessions. Mr. Bell submitted to his scheduled polygraph and it was determined he was being truthful when answering the relevant questions.

On January 9, 2020, Sr. USPO Johnson received an email alert from RemoteCom regarding a possible violation on Mr. Bell's computer dated December 26, 2019. Sr. USPO Johnson reviewed Mr. Bell's account on RemoteCom and discovered he had been accessing the following social media websites: Tumblr, YouTube, GroupMe, and LinkedIn. It was further discovered he accessed pages on Tumblr containing sexually explicit material.

On January 10, 2020, Mr. Bell reported to the U.S. Probation Office to meet with Sr. USPO Johnson to discuss the violations. Mr. Bell admitted to viewing sexually explicit material on his personal computer from approximately October 2019 through December 2019. Mr. Bell also admitted to lying to his parents and Sr. USPO Johnson when asked if he was only accessing his computer in the living room of his home when his parents were present, as previously instructed to do so in July 2019. He admitted taking the computer to his room and access the websites once his parents went to bed. Mr. Bell denies any illegal content on his computer; however, his computer was confiscated and is being further investigated.

### Statutory Provisions — Protect Act Supervised Release

| | |
|---|---|
| **Statutory Maximum Custody:** | 2 years. 18 U.S.C. § 3583(e)(3) |
| **Mandatory Revocation Statutes:** | None |
| **Fine:** | None |
| **Statutory Maximum for Reimposition of Supervised Release:** | Life, minus revocation sentence. 18 U.S.C. § 3583(h). |

According to U.S. v. Jackson, 559 F.3d 368 (5th Cir. 2009), "when an initial term of supervised release is revoked, the district court may impose a new term of supervised release as part of a revocation sentence. The maximum length of this new term is calculated as follows: 'The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.'" Jackson also notes that a district court may impose any term of supervised release that is equal to or greater than the mandatory minimum, less any term of imprisonment that was imposed upon revocation of supervised release.

## Chapter 7 Violation Computations

| | | |
|---|---|---|
| **Violation Grade:** | C | USSG § 7B1.1(a)(3), p.s. 7B1.3(a)(2), & (c)(1), p.s. |
| **Criminal History Category:** | I | USSG §7B1.4(a), p.s. |
| **Imprisonment Range:** | 3-9 months | USSG §7B1.4(a), p.s. |
| **Fine:** | None | USSG §7B1.3(d), p.s. |

Pursuant to U.S. v. Miller, 634 F.3d 841 (5th Cir. 2011), the Court may not consider the factors listed in 18 U.S.C. § 3553(a)(2)(A), which include "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," when modifying or revoking a term of supervised release.

In U.S. v. Tapia, 131 S. Ct. 2382 (2011), the Supreme Court held that Section 3582(a) does not permit a sentencing court to impose or lengthen a prison term in order to foster a defendant's rehabilitation.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 16, 2020
Respectfully submitted,

_____ For _____

Sara Johnson
Senior U.S. Probation Officer
Arlington
Phone: 817-505-4470
Fax: 817-649-5954

Approved,

_____

Amber B. Dunn
Supervising U.S. Probation Officer
Phone: 214-753-2487

**Order of the Court:**

☐ No action.

☐ The Issuance of a Warrant. Petition and warrant sealed and not to be distributed to counsel of record until arrest effectuated.

☒ The Issuance of a Summons

☐ Other or Additional:

_____

☐ File under seal until further order of the Court.

_____
The Honorable Terry R. Means
Senior U.S. District Judge

January 29, 2020
Date