Case 4:17-cr-00058-Y Document 88 Filed 04/28/21 Page 1 of 3 PageID 233
Case: 20-10254 Document: 00515837556 Page: 1 Date Filed: 04/27/2021

# United States Court of Appeals
# for the Fifth Circuit

No. 20-10254

United States Court of Appeals
Fifth Circuit
**FILED**
April 5, 2021
Lyle W. Cayce
Clerk

United States of America,

                              *Plaintiff—Appellee*,

versus

Jordan Lee Bell,

                              *Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CR-58-1

Before Jones, Clement, and Graves, *Circuit Judges*.
Per Curiam:[*]

    Jordan Lee Bell appeals the sentence imposed by the district court following the revocation of his lifetime term of supervised release for possession of child pornography. The district court revoked Bell's supervised release for violations of the truthfulness condition, the pornography condition and the social networking condition. Bell pleaded

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

true to the allegations that he possessed "pornographic matter," later lied about it, and created user accounts on various social networking sites. However, Bell objected that the pornography condition was unconstitutionally vague, in violation of his due process rights, and overbroad, in violation of his First Amendment rights. The district court overruled Bell's objections, revoked his supervised release, and sentenced him to the statutory maximum of twenty-four months imprisonment followed, again, by a life term of supervised release. Bell now challenges the re-imposition of two conditions of supervised release: (1) the condition prohibiting Bell from possessing, in relevant part, "any pornographic matter" (pornography condition); and (2) the condition prohibiting him from using or possessing "any gaming consoles . . . or devices without prior permission from the probation officer" (gaming console condition).

We review Bell's preserved due process and First Amendment challenges to the pornography condition for an abuse of discretion. *See United States v. Abbate*, 970 F.3d 601, 603 (5th Cir. 2020) *petition for cert. filed*, (U.S. Jan. 25, 2021)(No. 20-6923). As Bell correctly concedes, his arguments are foreclosed by *Abbate*. *See id.* at 603-06.

Because Bell did not raise it in the district court, we review for plain error his assertion that the gaming console condition is overbroad and should be modified to prohibit him only from possessing gaming consoles with internet connectivity. *See id.* at 606. Bell's child pornography conviction and the revocation at issue were primarily based upon his repeated usage of the internet to access sexually explicit material, and the district court clearly intended the condition at issue to prevent Bell from using a gaming console's internet-access features. *See id.* at 607. Although the Government stresses that the probation officer could more easily enforce the condition if it were left unmodified, we have authority to address it expeditiously here. Accordingly, we modify the condition as follows: Bell is prohibited from

using or possessing any gaming console or device that allows for internet access without prior permission from the probation officer.

The judgment of the district court is AFFIRMED as MODIFIED.